TOWNSHIP OF COLDSPRINGS *v.* BOARD OF SUPERVISORS OF KALKASKA COUNTY.

1. HIGHWAYS AND STREETS—COUNTY ROAD SYSTEM—REFUND TOWNSHIP ROAD TAX — CONDITION PRECEDENT — MUNICIPAL CORPORATIONS—NOTICE.

Where a township, embraced within a county operating under the county road system, issued bonds and built State reward roads in the year 1914, under the provisions of section 4372, 1 Comp. Laws 1915, and in 1915 filed the proper certificate with the county asking for a refund of its 1914 county road tax, compliance with section 4373, 1 Comp. Laws 1915, providing for notice to be given the county of the intention of the township to build such roads, *held*, directory merely, and not condition precedent to the right of a refund.

2. MANDAMUS — CERTIORARI — REFUND COUNTY ROAD TAX — HIGHWAYS AND STREETS.

On certiorari to review a writ of mandamus requiring a county to refund to a township money paid as a county

road tax which has already been legally expended by the county without any notice of the intention of the township to claim a refund, the order of the court requiring the county to refund is interpreted to mean that the board of supervisors take immediate steps by proper legal procedure to raise the money necessary to pay the refund.

Certiorari to Kalkaska; Lamb, J. Submitted January 30, 1917. (Calendar No. 27,575.) Decided March 29, 1917.

Mandamus by the township of Coldsprings against the board of supervisors of Kalkaska county to compel respondent to refund a certain tax. From an order granting the writ, defendant brings certiorari. Affirmed.

*Parm C. Gilbert,* for relator.

*Ernest C. Smith,* for respondent.

KUHN, C. J. The relator is a township embraced within the county of Kalkaska, the respondent. This county has been under the county road system for the past 17 years, and during that time the township has paid into the county treasury an amount in excess of what the county has expended in said township for the building and repair of roads. Under the provisions of section 26 of chapter 4 of Act No. 283, Pub. Acts 1909, as amended by section 26 of chapter 4 of Act No. 355, Pub. Acts 1913 (1 Comp. Laws 1915, § 4372), the relator township issued bonds for $5,000 and expended the money in the building of State reward roads and filed the proper certificate with the respondent in October, 1915, asking for a refund to it of its county road tax for the year 1914, in amount $1,-096.69. The board of supervisors declined to make the refund, and mandamus proceedings were brought in the Kalkaska circuit court to compel the refund of

the tax in question. An answer was filed, issues were framed, and, after a trial before the court, findings of fact were made and a decision had ordering the refund of the tax as prayed. The decision is reviewed here by certiorari, and the assignments of error allege two grounds, as follows:

"(*a*) Because the court erred in holding that the provisions of section 27 of chapter 4, of Act No. 283, Pub. Acts 1909, are directory, whereas they should be construed as mandatory.

"(*b*) Because the court erred in holding that a writ of mandamus would lie to compel payment by the county of the 1914 tax back to the township, although no notice was ever given the county of such intention on the part of the township to claim such refund until October, 1915, at which time the 1914 county road tax had been expended in the regular channels of county road business."

The question of whether or not section 27 of chapter 4 of Act No. 283, Pub. Acts 1909 (1 Comp. Laws 1915, § 4373), should be construed to be mandatory instead of directory is also raised in the case of *Township of Clearwater* v. *Board of Supervisors, post* 323 (162 N. W. 96), the opinion in which case is written by Mr. Justice FELLOWS. It is there held that the provisions in section 27 are not conditions precedent to the right of a refund under the provisions of section 26.

With reference to the second point raised, it is said that the board of supervisors legally expended the moneys paid by the township for road purposes without notice of the intention of the township to claim a refund, and is now unable to comply with the order of the court to pay the refund in question without any fault on its part, and that to hold that the county must refund under such circumstances is in effect saying that the acts of the county legal and regular when performed are rendered illegal and irregular by the

mere fact of a later demand. We are of the opinion that the demand was made at a proper time under the law, and the order of the court requiring the respondent to pay the amount claimed as a refund must be interpreted to mean that the board of supervisors take immediate steps by proper legal procedure to raise the money necessary to pay the refund in question.

The order of the circuit court is affirmed, with costs to the relator.

STONE, OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.